UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENISE SIPPLE, individually, and on behalf of all other similarly situated consumers, <br><br> Plaintiff, <br><br> vs. <br><br> MIDLAND CREDIT MANAGEMENT INC., <br><br> Defendant. | Case No.: <br><br><br> CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff, Denise Sipple, alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a resident of Monmouth County, New Jersey and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant is a corporation that regularly does business in Connecticut with its principal place of business located at 2365 Northside Dr., #300, San Diego, California 92108, and is a "debt

collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

**FACTUAL STATEMENT**

6. Mrs. Sipple allegedly incurred debts through purchases originating from credit cards with Synchrony Bank, which were used for personal, household, and familial purpose. Sipple is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

7. On April 16, 2020, Midland Credit Management Inc. brought suit against Sipple in attempt to collect the alleged debt. Within this action, Midland Credit Management Inc. represented itself as the creditor of Sipple's debt.

8. Midland Credit Management is regularly regarded as a servicer of debts for Midland Funding, a sister company, not a purchaser of debts. At all relevant times, MCM was not a purchaser of debts.

9. Upon information and belief, Synchrony Bank never sold Plaintiff's alleged debt to MCM.

10. Nonetheless, within the Complaint, MCM represented to Plaintiff and the Court that the current creditor of Sipple's debt is Midland Credit Management Inc.

11. Accordingly, by bringing suit against Sipple, MCM misrepresented its ability to collect said debt in violation of the FDCPA.

12. In the alternative, if MCM did in fact purchase Plaintiff's alleged debt from Synchrony Bank, the sale of this alleged debt is subject to relevant conditions that Synchrony Bank imposes on its debt purchasers.

13. Synchrony Bank contracts of sale (a/k/a Forward Flow Agreements) for defaulted debt provide specific limitation on the ability of its debt purchasers to make any collection attempts

while alleged debtors are in disaster areas as determined by FEMA or any other appropriate government entity.

14.     Accordingly, on the alternative that MCM did in fact purchase Plaintiff's alleged debt form Synchrony Bank, said Forward Flow, evidencing proof of sale, prohibits MCM from seeking to collect against Sipple's alleged debt, while Sipple resides in a disaster area.

15.     The state of affairs in New Jersey, and frankly the whole world, is well known. The Covid-19 pandemic has wreaked havoc across the world, the United States, and New Jersey.

16.     On March 9, 2020, Governor Murphy declared a State of Emergency across the entire State.

17.     On March 13, 2020, President Donald Trump declared a nationwide emergency, including for the State of New Jersey, as recognized by the Federal Register.

18.     Despite the fact that Sipple clearly resided in a disaster area in April 2020, MCM filed suit against Sipple.

19.     Given the express conditions of sale, MCM misrepresented its ability to collect Sipple's debt by filing suit against her in April 2020.  Accordingly, MCM has violated the FDCPA.

20.     Plaintiff has been harmed and her Civil Rights have been violated by the actions of the Defendant. Specifically, the stress caused as a direct and proximate result of Defendant's collective and deliberate actions have manifested in the exacerbation of Plaintiff's physical disabling illness

21.     MCM's illegitimate lawsuit has also brought fear, anxiety, loss of sleep, undue stress, and expense upon Plaintiff.

## **CLASS ACTION ALLEGATIONS**

### **The Class**

22. Sipple brings this as a class action pursuant to FRCP Rule 23 on behalf of herself and all others similarly situated who have received similar debt collection attempts from MCM, which, as alleged herein, are in violation of the FDCPA.

23. The classes are defined as follows:

**Incorrect Creditor Class:   All consumers within the United States that have been sued by Midland Credit Management for debts owned by another, for debts incurred for personal, familial, or household use, within one year of the filing of this complaint.**

**Disaster Area Collection Class: All consumers within the United States that have received collection attempts from Midland Credit Management, for debts originating with Synchrony Bank, while said consumers were in Disaster Area's as designated by FEMA or State Governments for debts incurred for personal, familial, or household use, within one year of the filing of this complaint.**

### Numerosity

24. Upon information and belief, MCM, has made hundreds of collection attempts misrepresenting MCM's ability to collect the debts each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

25. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from the records of MCM and Pressler.

### Common Questions of Law and Fact

26. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. Common questions of law and fact include

whether there were violations of the FDCPA, and what is the appropriate statutory formula of compensation for victims of said unlawful conduct.

### Typicality

27. Sipple's claims are typical of the claims of the Class, and Sipple has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

28. Sipple will fairly and adequately represent the Class members' interests, in that the Sipple's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

### Proceeding Via Class Action is Superior and Advisable

29. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

30. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

31. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

32. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

33. Absent a class action, the Class members will continue to suffer losses borne from MCM breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) the illegal conduct to proceed and; (b) allowing MCM to enjoy the benefit of their ill-gotten gains.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

34. By bringing suit against Sipple for a debt that is not owned by MCM, MCM made false and deceptive representations to Sipple and the Court in violation of 15 U.S.C. §§ 1692e, e(2), e(5), e(10), and f.

35. By bringing suit while Sipple's debts were not collectible, but nonetheless representing them as collectible, MCM made false and deceptive representations to Sipple and the Court in violation of 15 U.S.C. §§ 1692e, e(2), e(5), e(10), and f.

   WHEREFORE, Plaintiff respectfully requests that this Court do the following:

   A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiffs' Counsel as Lead Counsel;

   B. Enter judgment against MCM for statutory damages, 15 U.S.C. § 1692k(a)(2)(A) and (B), for the named Plaintiff and each member of the class;

    C. Enter judgment against MCM for actual damages, 15 U.S.C. § 1692k(a)(2)(A) and (B), for the named Plaintiff and each member of the class;

    D. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)3;

    E. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Counterclaim Plaintiff demands a jury trial on all issues so triable.

Dated this 11th day of April 2021.

                                          Respectfully Submitted,

                                          /s/ *Daniel Zemel*
                                          Daniel Zemel, Esq.
                                          Nicholas Linker, Esq.
                                          Steven Benedict, Esq.
                                          ZEMEL LAW, LLC
                                          660 Broadway
                                          Patterson, New Jersey 07514
                                          Phone: (862) 227-3106
                                          Fax: (973) 282-8603
                                          dz@zemellawllc.com
                                          steven@zemellawllc.com
                                          nl@zemellawllc.com
                                          Attorneys for Plaintiff
                                          Denise Sipple